## PORTER *v.* VAIL.

### Opinion delivered May 23, 1921.

LANDLORD AND TENANT—CONSTRUCTION OF LEASE.—A lease of land "to be farmed in corn, peanuts and all grain and crops," which obligated the tenant "to furnish two-thirds of all seed planted, also plant, cultivate, harvest and deliver in barn or wareroom one-third all crops grown on said land," *held* not to include a volunteer hay crop, but only cultivated peanut, corn and other grain crops.

Appeal from Woodruff Circuit Court, Southern District; *J. M. Jackson,* Judge; reversed.

*Jonas F. Dyson,* for appellant.

The court erred in directing a verdict for appellee. Under the undisputed testimony, appellant was entitled to an instructed verdict. Appellee was not entitled to the possession of the premises because he had not in any

way complied with his contract. 36 Ark. 518; 104 *Id.*
322; 41 *Id.* 535.

Appellee in his contract agreed to move out of the
house on ten days' notice, which was given, and appel-
lant was entitled to possession. 100 Ark. 629; 102 *Id.*
388. Under the law and evidence, appellant was entitled
to possession and the relationship of landlord and tenant
existed. 130 Ark. 431; Kirby's Digest, § 5028.

*Ross Mathis,* for appellee.

1. Both parties asked a peremptory instruction and
this was an agreement that the issue should be decided
by the court. 100 Ark. 71; 105 *Id.* 25; 118 *Id.* 134.

The court's instructions as to the measure of dam-
ages was correct, and appellant raises no issue as to that
part of the instruction. Under the evidence the jury
would have been warranted in returning a verdict for a
much larger amount.

2. The contract contained no forfeiture clause; no
rent was shown to be due and unpaid and there was no
abandonment.

The absence of a forfeiture clause in a lease will pre-
vent a landlord from terminating a lease, and even if
there is a forfeiture clause for breach of covenant, it is
strongly construed against the lessor. Forfeitures are
not favored by the courts. 24 Cyc. 1347, 1360-1.

3. The title to the hay was in appellee, and the jury
would have been warranted in awarding him a larger sum.
The title to grass is in the tenant at will. 72 Ark. 302.

HUMPHREYS, J. The appeals are briefed separately,
but the issue involved on each appeal is between the
same parties and dependent upon a construction of the
same contract, so one opinion will suffice in the two cases.

No. 6721 is an action of unlawful detainer for the
possession of a farm, and No. 6722 a suit in replevin for
266 bales of hay cut and removed from the farm.

The issue joined in the first action is whether appel-
lee was unlawfully evicted from the premises, and, if so,

the extent of the damages sustained by him on account of the loss of the volunteer hay crop upon the farm, resulting from the eviction.

The issue joined in the second action involved the title to 266 bales of hay which appellee cut and removed from the premises to a barn in the nearby town of Hunter before the eviction.

The causes were submitted upon the pleadings and evidence, at the conclusion of which both appellant and appellee asked for a peremptory instruction in the first case, which resulted in a directed verdict and judgment in that case for appellee for damages to the amount of $500; and, in the second case, a directed verdict on the court's own motion in favor of appellee for the hay, or its value, $266.

From the judgment in each case, an appeal has been duly prosecuted to this court.

The evidence in the two cases is, in substance, as follows: In January, 1919, appellant verbally leased appellee the farm in question for the year, to raise rice, cotton, corn and peanuts, for a stipulated rental of one-third of the crops. Appellee failed to comply with the verbal contract, and, on the first day of June, 1920, the following written contract was entered into between the parties, towit:

"Contract by M. A. Porter, first party, and F. M. Vail, second party.

"I, M. A. Porter, party of the first part, agree to lease all farming land in section 20, township 5 north, range 1 west, not in cultivation in rice in this year, 1919, A. D., to be farmed in corn, peanuts and all grain and crops, and party of the first part further agrees to furnish one-third of all seed planted on said land.

"Party of the second part, F. M. Vail, hereby agrees to furnish two-thirds of all seed planted, also plant, cultivate, harvest and deliver in barn or wareroom one-third all crops grown on said land.

"Party of the second part, F. M. Vail, also agrees to vacate residence on said land at any time with ten days' notice from party of the first part, M. A. Porter.

"M. A. Porter.
"Frank M. Vail.

"Hunter, Arkansas, June 1, 1919."

Appellee did not plant or cultivate the land leased. He remained in possession, however, and in August harvested about twenty-five acres of wild grass which grew on the land that should have been cultivated. He baled and removed 266 bales of the hay to a barn in Hunter, and, according to the evidence of appellee, hauled one load of the third left in shocks upon the ground to the baler, when he was told by appellant not to touch any more of the hay. Appellee left the rest of the hay upon the ground, and, in obedience to the written notice from appellant and the writ issued in the unlawful detainer action, moved off of the premises. There was an estimate of 1,500 bales of hay, cut and standing, left upon the ground. It would have cost $500 to harvest it, and its value in the bale would have been about $1,500.

The sole question presented by this appeal is whether the court erred in construing the contract to include the volunteer hay crop. Appellee's contention is that the contract had relation to all crops grown on the leased land, whether volunteer or cultivated crops. We think the contract entirely unambiguous, and that such crops as were to be harvested and divided in the proportion of two-thirds to one-third were crops to be planted and cultivated by appellee. It was specified in the contract that the landlord should furnish one-third and the tenant two-thirds of the seed to be planted, and the only kinds of crops mentioned were peanut, corn and other grain crops. Reading the contract as an entirety, it is quite apparent that the parties had in contemplation crops to be planted and cultivated, not volunteer crops. The contract did not embrace uncultivated grass grown on lands which should have been cultivated. Under the undisputed facts,

the court should have directed a verdict in each case for appellant.

For the error indicated, the judgment in each case is reversed and remanded with directions to enter a judgment in each case for appellant.